IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:11-cr-157-WHA |
| | ) | (WO) |
| MARSHA DIANE ELMORE | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 15, 2011, Marsha Diane Elmore ("Elmore") entered a plea of guilty pursuant to a plea agreement. (Doc. # 32). At the conclusion of the change of plea hearing, the undersigned accepted Elmore's guilty plea and adjudged her guilty on counts 1, 17 and 25 of the indictment. For reasons not relevant to the current proceeding, on March 15, 2016, Elmore's judgment was vacated and set aside and a new judgment was entered against her. (Docs. # 51 & 52).

On March 18, 2016, Elmore appealed her conviction. (Doc. # 54). On August 30, 2016, the court reporter assigned to this matter informed the Eleventh Circuit Court of Appeals that no recording of the change-of-plea hearing on November 5, 2011 was found and thus, there was no transcript. (Doc. # 66). On December 7, 2016, the Eleventh Circuit, on its own motion, remanded this matter to this court "on a limited basis . . . for the purpose of investigating and preparing, if possible, a certified record of the November 15, 2011, change-of-plea hearing." (Doc. # 67).

On April 12, 2017, at the request of the United States, the court entered an order referring this case to the undersigned "for the purpose of holding a hearing and entering an order on reconstruction of the change of plea hearing held . . . on November 15, 2011." (Doc. # 70). On May 10, 2017, the court held a conference with counsel concerning the referral. The law of this Circuit establishes that testimony, recollections and other relevant records may establish a fair and accurate portrait of what transpired during Elmore's plea colloquy. *See e.g., United States v. Cashwell*, 950 F. 2d 699, 704 (11th Cir. 1992). For that purpose, on June 23, 2017, the court held a hearing to allow the parties an opportunity to present evidence about the plea colloquy and whether Elmore's plea and waiver of appeal was knowing and voluntary. At the conclusion of the hearing, the court directed the parties to file briefs addressing the reconstruction of the change of plea hearing previously held in this case. (Doc. # 81). The parties have briefed the issue of reconstruction, and presented evidence related to the issue of reconstruction.

The court must follow the mandate of the Eleventh Circuit and determine whether it is possible to reconstruct the record of the change-of-plea hearing or state why the record cannot be reconstructed.[1] There is no dispute that on

---

[1] A trial court must strictly comply with an appellate court's mandate, "implement[ing] both the letter and the spirit of the mandate taking into account the appellate court's opinion, and the circumstances it embraces." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985).

November 15, 2011, Elmore participated in a change of plea hearing before the undersigned. Elmore entered a guilty plea pursuant to a plea agreement. Elmore agreed to plead guilty to counts 1, 17 and 25 of the indictment and the government agreed to dismiss at sentencing the remaining counts of 2-16, 18-24 and 26-32. (Doc. # 32). The plea agreement also contained a waiver of appeal and collateral attack provision. (*Id*.). Although the parties agree that the change-of-plea hearing occurred, none of the involved parties have any independent or specific recollection of the proceeding.

The government argues that the district court can attempt to reconstruct the missing change-of-plea hearing. *See Cashwell*, 950 F.2d at 703-04; *United States v. Rodger*, 521 F. App'x 824, 833 (11th Cir. 2013); *United States v. Gil*, 581 F. App'x 766, 769 (11th Cir. 2014). Relying on habit and standard practice, the government asserts that personal recollection is not necessary. *See* Doc. # 85. The defendant argues, on the other hand, that in the absence of "an audio recording, transcript, or personal recollection, a certified record of . . . [the] proceeding cannot be prepared." (Doc. # 83). Relying on *Cashwell*, *Rodgers* and *Dasher v. Attorney General, Fla.*, 574 F.3d 1310 (11th Cir. 2009), Elmore argues that unlike the instant case, in each of those cases there were specific recollections about the proceedings. Elmore contends that because no participant in her guilty plea colloquy has any relevant recollection, there can be no reconstruction based on mere habit or routine

practice.[2] The court disagrees. None of those cases *require* that habit or routine evidence be supported by recollection. That is not surprising because Federal Rule of Evidence 406 provides

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Elmore's argument about the necessity of recollection evidence effectively would abrogate Federal Rule of Evidence 406 which requires only evidence of routine or habit. The court finds it may rely and does rely on its own knowledge of its routine and habit in the conduct of guilty plea proceedings.

In attempting to "adequately reconstruct" the plea hearing proceeding, the court set forth its standard practice of conducting the change of plea hearing using "the outline contained in the Federal Judicial Center's Benchbook for U.S. District Judges." (Doc. # 68, Att. A). The undersigned also stated at the hearing that it was his standard practice to "actually repeat twice to the defendant that the

---

[2] Although "it is permissible for a court to rely on habit evidence of a lawyer's usual practice in reconstructing events," there must be some evidence of the attorney's usual practice. *See Carrion v. Smith*, 549 F.3d 583, 585 (2nd Cir. 2008). Elmore's attorney, Jim Debardelan had no independent recollection of the change of plea hearing, and remembered no details from the proceeding. Although he testified that he handled other criminal cases, he had no usual practice of handling criminal cases in federal court. In fact, this was his first criminal case in this court. Thus, the court declines to rely on the testimony of Elmore's attorney to reconstruct the change-of-plea hearing.

defendant is giving up the right to appeal with certain exceptions." (Doc. # 82 at 5). Assistant United States Attorney Gray Borden[3] provided a statement that it was his general practice "to confirm during any change-of-plea hearing that the Magistrate Judge advised the defendant in open court of both the defendant's right to appeal any sentence imposed and the impact of any appeal-waiver provision contained in the defendant's plea agreement." (Doc. # 84, Gov't Ex. 4). The minute entry for the change-of-plea hearing indicate the proceeding began at 9:30 a.m. and was completed at 9:49 a.m. (Doc. # 33).

During her sentencing on January 24, 2012, the court specifically reminded Elmore of the appeal waiver contained in the plea agreement. (Doc. # 44 at 4). After imposing sentence, the court again advised Elmore that she had waived her appeal rights.

> Pursuant to the *Plea Agreement*, you have waived your some, if not all of your rights regarding your ability to appeal this sentence. Such waivers are generally enforceable, but if you believe for whatever reason that your waver (sic) is not enforceable, I encourage you to present that theory to the appropriate appellate court. I am not encouraging you to appeal or not to appeal, Ms. Elmore. I'm merely informing you of your rights to appeal.

Do you understand those rights?

THE DEFENDANT: Yes, sir.

---

[3] Former Assistant United States Attorney Gray Borden is now a United States Magistrate Judge for this district.

THE COURT: Do you have any questions about those rights?

THE DEFENDANT: No.

(*Id*. at 21).

Elmore's acceptance of the court's explanations of the appeal waiver in her plea agreement at sentencing is a further indicia that nothing untoward happened at the change-of-plea hearing.

Under FED. R. CRIM. P. 11, before a court can accept a guilty plea, it must inform the defendant of: (1) the right to plead not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel at every stage of the proceedings; (4) the right to confront and cross-examine adverse witnesses; (5) the right to testify and compel the attendance of witnesses; (6) the right against compelled self-incrimination; (7) the nature of each charge to which the defendant is pleading guilty; (8) the maximum and minimum penalties possible by law, including fines, supervised release, and special assessments; (9) the possibility of restitution and any applicable forfeiture; and (10) the court's obligation to calculate the guideline range and consider any possible departures under the Sentencing Guidelines. *See* FED. R. CRIM. P. 11(b)(1)(B)-(E), (G)-(M). The district court must also explain that a guilty plea waives the defendant's trial rights. FED. R. CRIM. P. 11(b)(1)(F). Before entering a judgment on a guilty plea, the district court must first "determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). Based on the court's routine

and habit in the conduct of FED. R. CRIM. P. 11 proceedings, the written plea agreement which Elmore signed and which fully advises her of all of her rights under that Rule as well as the Constitution, the sentencing proceedings and the evidence presented at the hearing on June 23, 2017, the undersigned is confident that the change of plea proceedings conducted in Elmore's case fully met all the FED. R. CRIM. P. 11 requirements.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the court certify that the record reflect that during the FED. R. CRIM. P. 11 change of plea proceeding held on November 15, 2011, Elmore was advised

(1) of her right to plead not guilty;

(2) of her right to a jury trial;

(3) of her right to be represented by counsel at every stage of the proceedings;

(4) of her right to confront and cross-examine adverse witnesses;

(5) of her right to testify and compel the attendance of witnesses;

(6) of her right against compelled self-incrimination;

(7) of the nature of each charge to which she was pleading guilty;

(8) of the maximum penalties possible by law including restitution;

(9) of the court's obligation to calculate the guideline range and the possible effect of the sentencing factors set forth at 18 U.S.C. § 3553(a);

(10) that her guilty plea waived her trial rights. FED. R. CRIM. P. 11(b)(1)(F);

(11) that pursuant to the plea agreement she waived her right to appeal or collaterally attack any sentence imposed on her except for her right to raise grounds of ineffective assistance of counsel or prosecutorial misconduct or in the event that the government appealed a sentence imposed on her.

It further the RECOMMENDATION of the Magistrate Judge that the court certify that the record reflect that during the plea proceeding, the court determined that Elmore's entry of her guilty plea was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses to which she plead guilty, FED. R. CRIM. P. 11(b)(3), and that Elmore understood the plea agreement and that even if the court did not accept the agreement[4] she could not withdraw her guilty plea. It is further

ORDERED that on or before November 16, 2017, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo

---

[4] The court's docket shows that the court accepted the plea agreement on January 24, 2012

determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of November, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE