IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cr-157-WHA |
| | ) | |
| MARSHA DIANE ELMORE, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**ORDER ON REMAND**

This case was remanded to this court by the Eleventh Circuit Court of Appeals on a limited basis, pursuant to Fed. R. App. P. 10(e)(2), for the purpose of preparing, if possible, a certified record of the November 15, 2011 change-of-plea proceedings. (Doc. #67).

On November 2, 2017, the Magistrate Judge entered a Recommendation that the record be certified as to certain facts. The Plaintiff has filed an Objection to that Recommendation.

Pursuant to 28 U.S.C. §636(b), after *de novo* review of the Objection and the file in this case, the court finds the Objection to be without merit.

While it is undisputed that the audio recording of the November 15, 2011 change-of-plea hearing is not on file in this court, the Eleventh Circuit has explained that a lack of a verbatim transcript does not mean that the record cannot be reconstructed. *United States v. Cashwell*, 950 F.2d 699, 703-04 (11th Cir. 1992). Instead, a record can be reconstructed from testimony, recollections and relevant records that "when collated present a fair and accurate picture of what transpired." *Id.* at 705. Such evidence can include evidence of habit and routine practice under Federal Rule of Evidence 406. *See Dasher v. Attorney General, Florida*, 574 F.3d 1310, 1314 (11th Cir. 2009). The Eleventh Circuit pointed to evidence of usual practice in reviewing a district

court's reconstruction of a record in *Cashwell*. 950 F.2d at 704 & n.1. The Eleventh Circuit also affirmed the use of evidence of routine practice to reconstruct past proceedings in the context of a habeas corpus petition. *See Dasher*, 574 F.3d at 1314 (noting that "'professional people should be able to prove the manner in which they routinely handle matters that recur in their work, in order to show that they followed that routine in a particular instance.'").

In this case, the Magistrate Judge who had taken the Defendant's guilty plea held a hearing to allow the parties an opportunity to present evidence about the plea colloquy. It is undisputed that the Defendant participated in a change of plea hearing, that she entered a guilty plea pursuant to an agreement in which she agreed to plead guilty to counts 1, 17, and 25 of the indictment and the Government agreed to dismiss the remaining counts. The Magistrate Judge set forth in a statement his standard practice of conducting the change of plea hearing using the outline contained in the Federal Judicial Center's Benchbook for U.S. District Judges, although not using it verbatim, and ensuring that all the requirements of Fed. R. Crim. P. 11 are met. (Doc. #68). He also stated that in numerous Rule 11 criminal proceedings he has ensured that the defendant entered the guilty plea free from coercion, understood the nature of the charges, understood the consequences of the plea, understood the rights the defendant has and gives up by pleading guilty, and understood the consequences of an appeal waiver if one was in the plea agreement. (Doc. #68). The then-Assistant United States attorney, now-Magistrate Judge Borden, also provided a statement as to his practice to confirm that a defendant pleading guilty is advised of the right to appeal and any appeal-waiver in the plea agreement. (Doc. #84).

Furthermore, in this case, in addition to evidence of habit or routine practice, the Magistrate Judge found that there is other record evidence which suggests that the Defendant was advised of her appeal waiver. At sentencing, the United States summarized the terms of the plea agreement

and specifically mentioned the appeal waiver. (Doc. #44, Sent. Tr. at 4:11 – 5:5). The sentencing judge also advised the Defendant of her appeal rights and that she had waived some of her appeal rights. (Doc. #44, Sent. Tr. at 20:25 – 21:14). The Defendant stated that she understood those rights and did not make any objection about the appeal waiver. (Doc. #44, Sent. Tr. at 21:15-16).

In her objection to the Recommendation, the Defendant argues that the Recommendation improperly assumes there was no variance from the plea procedures required under Fed. R. Crim. P. 11. That argument, however, does not undermine that the habit and general practice evidence in this case is evidence that the requirements of Rule 11 were met, that the Defendant was advised of her rights and the rights she gave up by pleading guilty, that she understood the consequences of her plea, and that the plea was knowing and voluntary. The Defendant also objects that she may have raised some concerns with her attorney during the proceedings, but that objection does not undermine the evidence that Rule 11 was complied with in the proceedings. The Defendant also argues that the evidence relied on in the Recommendation is insufficient because there is no recollection by any party as to specific facts of the proceedings, but as pointed out in the Recommendation, there is routine practice and other circumstantial evidence which is a sufficient basis from which to reconstruct the record under Eleventh Circuit law.

Accordingly, it is hereby ORDERED as follows:

1. The court adopts the Recommendation of the Magistrate Judge and the Objection is OVERRULED.

2. The court certifies to the Court of Appeals that the record reflect that during the Fed. R. Crim. P. 11 change of plea proceeding held on November 15, 2011, Marsha Elmore was advised

    (1) of her right to plead not guilty;

(2) of her right to a jury trial;

(3) of her right to be represented by counsel at every stage of the proceedings;

(4) of her right to confront and cross-examine adverse witnesses;

(5) of her right to testify and compel the attendance of witnesses;

(6) of her right against compelled self-incrimination;

(7) of the nature of each charge to which she was pleading guilty;

(8) of the maximum penalties possible by law including restitution;

(9) of the court's obligation to calculate the guideline range and the possible effect of the sentencing factors set forth at 18 U.S.C. § 3553(a);

(10) that her guilty plea waived her trial rights. Fed. R. Crim. P. 11(b)(1)(F);

(11) that pursuant to the plea agreement she waived her right to appeal or collaterally attack any sentence imposed on her except for her right to raise grounds of ineffective assistance of counsel or prosecutorial misconduct or in the event that the government appealed a sentence imposed on her.

(12) that during the plea proceeding, the court determined that Elmore's entry of her guilty plea was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses to which she pled guilty, Fed. R. Crim. P. 11(b)(3), and that Elmore understood the plea agreement and that even if the court did not accept the agreement she could not withdraw her guilty plea.

3. A copy of this Order be added to the record on appeal in case number 16-11221-D.

4. The Clerk is DIRECTED to send a copy of this Order on Remand to the Eleventh Circuit Court of Appeals as directed. (Doc. #67).

DONE this 21st day of November, 2017.


　　　　　　　　　　　　　　　　 /s/  W. Harold Albritton
　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE