IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:11-cr-157-ECM |
| | ) | |
| MARSHA DIANE ELMORE | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Marsha Diane Elmore's unopposed motion to continue trial (doc. 95) filed on July 25, 2019. Jury selection and trial is presently set to commence August 12, 2019. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for Elmore represents that additional time is necessary to consult with Elmore and the United States regarding the possibility of resolving this case prior to trial. The Defendant has not yet been returned to the district by the United States Marshal Service. The parties need additional time to resolve this matter, and the Defendant's presence in the district is necessary for any proceedings that arise out of the negotiations. The United States does not oppose a continuance. After careful consideration, the court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and Elmore in a speedy trial.

Accordingly, it is

ORDERED that the motion to continue (doc. 95) is GRANTED and the jury selection and trial are CONTINUED from August 12, 2019 to the criminal term of court commencing on September 16, 2019, at 10:00 a.m., in Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the September trial term.

Done this 26th day of July, 2019.

    /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE